IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**KIMBERLEY WALSH SPITLER,**

    **Plaintiff,**

    v.                                          **CIVIL NO. 2:21cv439**

**SCHOOL BOARD FOR THE CITY OF
NORFOLK, VIRGINIA,**

    **Defendant.**

## OPINION AND ORDER

This matter arises from the School Board for the City of Norfolk's ("Defendant") alleged employment discrimination against Kimberley Spitler ("Plaintiff") that occurred during the 2017-2018 school year, when Plaintiff served as Special Education Teacher at Norview High School ("Norview"). ECF No. 14, Amended Compl. ¶¶ 15–31. Plaintiff now brings the following claims against Defendant for the alleged employment discrimination in violation of the Americans with Disabilities Act ("ADA"): Count I, Disability Discrimination Failure to Reasonably Accommodate (id. ¶ 188); Count II, Disability Discrimination Through Harassment (id. ¶ 209); and Count III, Disability Discrimination Through Retaliation (id. ¶ 240). Defendant now moves to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 15. For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED** in part and **CONVERTED** into a motion for summary judgment in part. ECF No. 15.[1] This Court

---

[1] "Pursuant to Rule 12(d) [of the Federal Rules of Civil Procedure], if matters outside the pleadings are submitted in conjunction with, or in opposition to, a 12(b)(6) motion, the court must either exclude such materials from consideration or convert the motion into a motion for summary judgment." Potter v. SunTrust, 2014 WL 5410634, at *3 (E.D. Va. Oct. 23, 2014). As both parties have submitted materials outside the pleadings and received notice at the adversary hearing that in such circumstances this Court may convert a motion to dismiss into a motion for

1

**WITHHOLDS** judgment on Counts II and III, as the parties may file additional briefs based on the information obtained during discovery. Plaintiff may also file her own motion for summary judgment if she so chooses.

### I. PROCEDURAL HISTORY

On July 29, 2021, Plaintiff commenced this employment discrimination action in this Court, seeking injunctive and declaratory relief, compensatory and punitive damages, and attorney's fees for the alleged employment discrimination she suffered while working at Norview. See ECF No. 1.

On September 23, 2021, Defendant filed a Motion to Dismiss for Failure to State a Claim and accompanying memorandum in support. ECF Nos. 6, 7. On October 7, 2021, rather than respond to Defendant's Motion to Dismiss, Plaintiff filed the Amended Complaint. ECF No. 14. On October 21, 2021, Defendant filed a Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss for Failure to State a Claim") and accompanying memorandum in support. ECF Nos. 15, 16. That same day, Defendant also filed a Request for a Hearing on its Motion to Dismiss for Failure to State a Claim. ECF No. 17. On November 4, 2021, Plaintiff filed a Response Memorandum in Opposition to Defendant's Motion to Dismiss. ECF No. 18. On November 10, 2021, Defendant filed a Reply to Plaintiff's Response. ECF No. 19. On January 5, 2022, this Court held an adversary hearing. ECF No. 20. The matter is now ripe for adjudication, and the Court will now address Defendant's Motion to Dismiss. ECF No. 15.

### II. LEGAL STANDARD

Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal

---

summary judgment, this Court finds it appropriate to **CONVERT** Defendant's Motion to Dismiss, as it pertains to Counts II and III, into a motion for summary judgment. See Williams v. Gyrus ACMI, Inc., 790 F. Supp. 2d 410, 417 (D. Md. 2011). The parties may supplement any motions for summary judgment with the appropriate documents and depositions obtained during discovery.

2

Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The function of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Neitzke v. Williams, 409 U.S. 319, 326–27 (1989).

A Rule 12(b)(6) motion permits dismissal of a complaint where it "fail[s] to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion must be read in conjunction with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007) (internal quotation omitted). To survive a motion to dismiss, the complaint need not contain detailed factual allegations, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The claim must be "plausible on its face." Id. at 570.

When reviewing the legal sufficiency of a complaint, the Court must construe the factual allegations "in the light most favorable to plaintiff." Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991) (quotation omitted); Davis, 896 F. Supp. at 566 (citing Martin Marietta Corp. v. Int'l Telecomm. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992)). "Although a complaint need not contain detailed factual allegations, '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" Andreana v. Virginia Beach City Pub. Sch., No. 2:17-CV-574, 2018 WL 2182297, at *5 (E.D. Va. May 9, 2018) (quoting Twombly, 550 U.S. at 555).

Legal conclusions, which provide the complaint's framework, are not entitled to the assumption of truth if they are not supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere

3

conclusory statements, do not suffice." Id. at 678. If the factual allegations alleged by the plaintiff do not nudge the plaintiff's claims "across the line from conceivable to plausible, the complaint must be dismissed." Twombly, 550 U.S. at 570. Additionally, "a plaintiff may not introduce new allegations or new facts in an opposition to a defendant's motion to dismiss." Hooker v. Disbrow, No. 1:16-CV-1588-GBL-JFA, 2017 WL 1377696, at *4 (E.D. Va. Apr. 13, 2017) (citing Barclay White Skansa, Inc.v. Battelle Mem'l Inst., 262 Fed. Appx. 556, 563 (4th Cir. 2008) (stating that plaintiffs may not amend their complaint through briefs in opposition to a motion for summary judgment)). Importantly, however, a district court may consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

The Fourth Circuit has held that a motion to dismiss under Rule 12(b)(6) should be granted only in "very limited circumstances." Rogers v. Jefferson–Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). However, dismissal is appropriate if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988) (citation omitted); Davis v. Hudeins, 896 F. Supp. 561, 566 (E.D. Va. 1995) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).

### III. FACTUAL BACKGROUND

The facts recited herein are drawn from Plaintiff's Amended Complaint and the exhibits attached to it, which this Court may consider when ruling on a motion to dismiss. Philips, 572 F.3d at 180. These facts are assumed true only for purposes of deciding the motions to dismiss currently before the Court. They are not to be considered factual findings by this Court. See

Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Defendant employed Plaintiff as a Special Education Teacher at Norview during all times relevant to the Amended Complaint. ECF No. 14 ¶ 15. According to Plaintiff, she is a qualified disabled individual because she has genetic spinal issues, connective tissue problems, and autoimmune disorders. Id. ¶¶ 16–17. Despite these health problems, Plaintiff states she could perform her job as a Special Education Teacher with reasonable accommodations that Defendant had provided since 2012. Id. ¶¶ 19–20, 28–32, 41. The reasonable accommodations that Defendant provided, according to Plaintiff, included: limited to no lifting, temperature control of her environment, no excessive walking, use of her wheelchair, and intermittent leave. Id. ¶ 20.

After Plaintiff was involved in a car accident in March of 2016, she was required to undergo spinal surgery, which exacerbated her conditions. Id. ¶¶ 22–25. After this accident, Plaintiff continued to receive the above accommodations from Defendant. Id. ¶ 28. In July 2017, after a change in administrative personal at Norview, Defendant denied her the previously granted accommodations. Id. ¶¶ 35–37, 48–51. Plaintiff claims that Defendant denied her the same accommodations that it granted to Ms. Cumpston, another employee at Norview. Id. ¶ 46. Following the denial of her requests for accommodations, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 18, 2017 ("First Charge"). Id. ¶ 68, Ex. G. In the First Charge, Plaintiff claims that Defendant denied her "intermittent FMLA" and "harassed [her] in retaliation for participating in protected activity." Id., Ex. G. Plaintiff requested the intermittent FMLA leave for her "doctor's appointments, days off because of chronic pain, and unplanned appointments," and her doctor "instructed [her] to work 3 hours a day." Id. Despite claiming that she requested different types of accommodations, the First Charge does not reference any other type of requested

accommodations beyond the intermittent FMLA leave and the reduced working hours. Id. On April 30, 2021, the EEOC issued Plaintiff a Notice of Dismissal and Right to Sue. Id. ¶ 12, Ex. A. Plaintiff filed the instant matter on July 29, 2021, which was within ninety (90) days after the receipt of the Notice of Dismissal and Right to Sue. Id. ¶ 13.

In August and September of 2017, Plaintiff submitted multiple requests for FMLA leave to Norview's administration. Id. ¶ 45. In response to Plaintiff's request for leave, Defendant, through its employees, repeatedly asked Plaintiff to provide confidential medical information to obtain the requested leave, as Defendant's employees claimed her paperwork had expired. Id. ¶¶ 48–54. Norview's administration requested that Plaintiff supply medical records from the past five (5) years to justify granting her leave. Id. ¶ 139. Plaintiff contends that this request was a form of harassment, as she had already provided Defendant with numerous doctor's notes specifically addressed to her disability. Id. ¶ 141.

Furthermore, Plaintiff claims that Defendant's employees harassed and mocked her on account of her disability. Id. ¶¶ 56–59, 69–73, 81–86, 91. Specifically, Plaintiff alleges that Mrs. Owens, an administrator at Norview, "would make regular comments towards [Plaintiff] alleging that [Plaintiff] was abandoning her position, that she was harming the duties of other teachers, and that her disability was causing problems." Id. ¶ 91. Additionally, Plaintiff contends that Mr. Brower, Norview's principal, "would alter [her] attendance records, chang[e] official language to derogatory implications," and he would also "communicate to [her] nearly daily informing her that . . . 'she did not have permission to leave.'" Id. ¶¶ 93–95. Finally, Plaintiff states that she suffered attacks on her status as a disabled individual from Norview administrators on a daily basis. Id. ¶ 95. On several unspecified occasions, Plaintiff's co-workers told her that they thought she was faking her disability. Id. ¶ 102.

6

During the 2017-2018 school year, Plaintiff took a significant amount of sick time, consisting of half days and full sick days. Id., Ex. D. For example, during the months of August and September, Plaintiff took seventeen (17) half days and four (4) full sick days. Id. Importantly, on October 23, 2017, Defendant granted Plaintiff's request for FMLA leave beginning September 5, 2017. Id., Ex. I. Plaintiff's twelve (12) weeks of leave expired at the close of business on December 7, 2017; however, at the request of her doctors, Defendant extended her leave. Id., Ex. N. Defendant again extended her medical leave, at the request of her doctors, through February 15, 2018. Id., Exs. P, Q, R. Plaintiff sought the accommodations previously granted to her by Defendant so that she could return to work. Id. ¶136. Despite her request for such accommodations, they were denied. Id. ¶ 137. Plaintiff contends that the alleged harassment and retaliation concerning her disability caused her to resign from her position on February 26, 2018. Id. ¶ 171. However, Mr. Billups, the head of human resources at Norview, did not accept her resignation until March 22, 2018. Id. ¶ 172.

On February 14, 2019, Plaintiff filed another Charge of Discrimination with the EEOC against Defendant ("Second Charge"). ECF No. 16, Ex. 1. Plaintiff, in the Second Charge, alleged that Defendant constructively discharged her and subjected her to a hostile work environment in retaliation for participating in protected activity in violation of the ADA. Id. On September 3, 2020, the EEOC issued a Right to Sue Letter concerning the Second Charge. Id., Ex. 2. Plaintiff failed to file a lawsuit on the Second Charge, and the ninety (90) day window to do so has expired. Id.

## IV. DISCUSSION

The ADA prohibits disability discrimination in employment, and the failure to reasonably accommodate a disability is one type of discrimination under the Act. 42 U.S.C. § 12112(a),(b).

To state a failure-to-accommodate claim, a plaintiff must show: (1) that she was a qualified individual with a disability; (2) her employer had notice of her disability; (3) that with reasonable accommodation she could perform the essential functions of the position; and (4) the employer refused to reasonably accommodate her disability. See Wilson v. Dollar Gen. Corp., 717 F.3d 337, 344 (4th Cir. 2013). In its Motion to Dismiss, Defendant first argues that the only accommodations Plaintiff can assert in this suit are intermittent leave and reduced hours because she failed to list any other accommodations in the First Charge. ECF No. 16 at 10. Second, Defendant argues that Plaintiff has failed to allege that she could perform the essential functions of her position with the requested accommodations listed in the First Charge.

### A. Administrative Exhaustion

A threshold issue is whether Plaintiff has exhausted her administrative remedies with respect to the accommodations other than intermittent leave and reduced hours, such as temperature control, reduced lifting expectations, use of a wheelchair, or walking restrictions. This Court lacks jurisdiction to hear her claims about the accommodations not listed in the First Charge if she has not exhausted her administrative remedies. See Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 593 (4th Cir. 2012). Generally, a claim may be exhausted by first bringing it in an EEOC charge prior to asserting it in a lawsuit. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). Defendant claims that Plaintiff failed to exhaust her other requested accommodations listed above because she failed to provide them in the First Charge. Plaintiff argues that her First Charge, when liberally construed, was reasonably related to the accommodations that were not contained in it.

Plaintiff is correct that this Court must construe the First Charge liberally. See Williams v. Mancom, Inc., 323 F. Supp. 2d 693, 695 (E.D. Va. 2004). Additionally, a claim should be

considered exhausted if "a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge . . . ." Smith, 202 F.3d at 247.

The First Charge and the other requested accommodations not listed in it are not reasonably related. Even though this Court construes the First Charge liberally, it is "not at liberty to read into administrative charges allegations they do not contain." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013). Here, there is simply a lack of facts implicating the other requested accommodations. Plaintiff listed the denial of intermittent leave and a reduced schedule in her First Charge. These accommodations are not reasonably related to accommodations requesting climate control and other physical arrangements. The allegations in Plaintiff's Amended Complaint regarding the denial of the accommodations not listed in the First Charge would not be expected to follow from a reasonable investigation of the claims contained in the First Charge. Denial of accommodations pertaining to an employee's work schedule would not lead to issues concerning accommodations for physical requirements or climate control in the workspace. Notably, the determination letter from the EEOC did not identify any other reasonable accommodations beyond the requested leave. ECF No. 14, Ex. 19 (stating that Plaintiff's "request for reasonable accommodation was denied.") (emphasis added).

Therefore, this Court finds that Plaintiff failed to exhaust her administrative remedies in relation to the requested accommodations not listed in the First Charge, such as temperature control, reduced lifting expectations, use of a wheelchair, and walking restrictions. See King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976) (stating that the allegations contained in the charge generally operate to limit the scope of any subsequent judicial complaint).

**B. Essential Functions of the Job**

Under the ADA, only individuals who are qualified for the job they seek may state a claim

for discrimination. For the purposes of the ADA, a qualified individual with a disability is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Importantly, a qualified person must be "able to meet all of a program's requirements in spite of his handicap." Se. Cmty. Coll. v. Davis, 442 U.S. 397, 406 (1979). To prove that she was qualified for the position as a Special Education Teacher at Norview, Defendant must show that: (1) she could "'perform the essential functions of the job'" or (2) if not, whether "'any reasonable accommodation by [her] employer would enable [her] to perform those functions.'" Tyndall v. Nat'l Educ. Ctrs., 31 F.3d 209, 213 (4th Cir. 1994) (quoting Chandler v. City of Dallas, 2 F.3d 1385, 1393–94 (5th Cir. 1993). Essential functions of a job include "fundamental job duties of the employment position the individual holds or desires," 29 C.F.R. § 1630.2(n), which "bear more than a marginal relationship to the job at issue." Martinson v. Kinney Shoe Corp., 104 F.3d 683, 686 (4th Cir. 1997). Plaintiff bears the burden of demonstrating that she could perform the essential functions of her job with reasonable accommodation. See Lucero v. Hart, 915 F.2d 1367, 1371 (9th Cir. 1990).

According to the Fourth Circuit, a regular and reliable level of attendance is an essential function of one's job. Halperin v. Abacus Tech Corp., 128 F.3d 191, 199 (4th Cir. 1997). Indeed, an employee "who does not come to work cannot perform any of his job functions, essential or otherwise." Tyndall, 31 F.3d at 213. An employee must meet the attendance requirements of the job at issue to be protected under the ADA. Id. Consequently, a plaintiff who can work only on a part-time basis cannot be a "qualified individual with a disability" if the ability to work full-time is essential to the job. A plaintiff may not prevail by demonstrating that she might have been able to perform the essential functions of the job at some time in the future. Myers v. Hose, 50 F.3d

10

278, 283 (4th Cir. 1995).

Plaintiff concedes, at least implicitly, that she cannot perform the essential functions of her job without reasonable accommodations because she has requested accommodations from Defendant to overcome the physical limitations caused by her disability since 2012. ECF No. 14 ¶ 19. As a result of her car crash, Plaintiff noted that her physical condition was exacerbated, requiring her to leave work for medical appointments on a frequent basis. Id. ¶ 24. This medical leave, along with a request to work only three (3) hours a day, clearly impacts Plaintiff's ability to perform the essential functions of her job, which she recounts as "teaching, instructing, and supervising Special Education Students" at Norview. ECF No. 14 ¶ 39. It is clear to this Court from the Amended Complaint that Plaintiff cannot perform the essential functions of her job without accommodations from Defendant. Importantly, those accommodations must be reasonable.

### C. Reasonable Accommodation

Even if Plaintiff is unable to perform an essential function of the job, this Court "must nevertheless determine whether the person could do the job with reasonable accommodation." Myers, 50 F.3d at 282. The ADA specifically states that "'reasonable accommodation' may include . . . job restructuring, part-time or modified work schedules, [and] reassignment to a vacant position." 42 U.S.C. § 12111(9)(B). An accommodation is reasonable "unless [the employer] can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A). The burden of identifying an accommodation that would allow a qualified individual to perform the job rests with Plaintiff, as does the ultimate burden of persuasion with respect to demonstrating that such an accommodation is reasonable. Halperin, 128 F.3d at 197. Once Plaintiff has met her burden of proving that reasonable accommodations exist, the employer

11

may argue that Plaintiff's requested accommodations impose an undue hardship on the employer. 42 U.S.C. § 12112(b)(5)(A); Willis v. Conopco, Inc., 108 F.3d 282, 284–86 (11th Cir. 1997).

Plaintiff contends that she was qualified for her job because she could perform all of her teaching duties with accommodations, and she received tenure in the spring of 2017. However, an evaluation of the quality of Plaintiff's performance at Norview does not end this Court's inquiry. In addition to possessing the skills necessary to perform the job in question, an employee must be willing and able to demonstrate these skills by coming to work on a regular basis. Except in the unusual case where an employee can effectively perform all work-related duties at home, an employee "who does not come to work cannot perform any of his job functions, essential or otherwise." Wimbley v. Bolger, 642 F. Supp. 481, 485 (W.D. Tenn. 1986), aff'd, 831 F.2d 298 (6th Cir. 1987). Therefore, a regular and reliable level of attendance is a necessary element of most jobs. See, e.g., Carr v. Reno, 1994 WL 194971, at *4 (D.C. Cir. 1994) (holding that "coming to work regularly" is an "essential function"); Law v. United States Postal Serv., 852 F.2d 1278, 1279–80 (Fed. Cir. 1988) (holding that attendance is a minimum function of any job).

Plaintiff argues her proposed accommodation of working three (3) hours a day, subject to unpredictable days off when she experiences chronic pain and other leave to visit doctor's appointments, represents a reasonable accommodation that would have allowed her to perform the essential functions of her job at Norview. ECF No. 14, Ex. G. Defendant argues that Plaintiff's requested accommodations are unreasonable because "[i]t is not plausible to allege that [Plaintiff] could perform the essential functions of her job while working less than 50% of her expected schedule." ECF No. 16 at 14. Defendant supports this assertion by showing that Plaintiff, for the first month of the 2017-2018 school year, took seventeen (17) half-days of work and four (4) full days off. Id. This Court agrees with Defendant that allowing this type of work schedule is an

unreasonable accommodation. It is implausible that Plaintiff could perform the essential functions of her job, which she describes as "teaching, instructing, and supervising Special Education Students," ECF No. 14 ¶ 39, if she can only work three (3) hours a day, with an unpredictable schedule that could result in her leaving work at any time. See Walders v. Garrett, 765 F. Supp. 303, 309 (E.D. Va. 1991) (holding that "reasonably regular and predictable attendance is necessary for many [jobs]", aff'd, 956 F.2d 1163 (4th Cir. 1992). These drastically reduced hours, with the possibility of erratic and unpredictable absences, are unreasonable in light of Plaintiff's obligation to teach, instruct, and supervise her students.

Additionally, Plaintiff argues that Defendant denied her the same accommodations that it had granted to Ms. Cumpston. ECF No. 14 ¶ 46. This assertion, however, is vague and conclusory. Plaintiff does not show in her Amended Complaint what the exact accommodations were that Defendant granted to Ms. Cumpston, when it granted her the accommodations, what position she occupied, and why she needed the accommodations.

Alternatively, Plaintiff alleges in her Amended Complaint that "[a]t a minimum, [Plaintiff] could have been made a substitute teacher in any of the multiple subject areas in which she had previously taught." ECF No. 14 ¶ 128. While the ADA explicitly states that a "part-time or modified work schedule" constitutes a reasonable accommodation, the employee must still prove that the requested part-time accommodation is reasonable. 42 U.S.C. § 12111(9)(B). Here, again, Plaintiff fails to allege any facts showing that the proposed accommodations would even be reasonable for a position as a substitute teacher at Norview. See, e.g., Kelly v. Town of Abingdon, 437 F. Supp. 3d 517, 528 (W.D. Va. 2020) (dismissing a failure to accommodate claim because the employee failed to allege how the requested accommodation would have permitted him to perform the essential functions of his job, as the "scant allegations in the Complaint are insufficient

to state a plausible failure-to-accommodate claim.").

Thus, Plaintiff's failure to accommodate claim must be dismissed because she has not alleged facts showing that she could perform the essential functions of her job with the requested accommodations.

### D. Declaratory Relief and Punitive Damages

#### 1. Declaratory Relief

In her Amended Complaint, Plaintiff seeks declaratory relief "declaring the acts and practices of Defendant to have been in violation of [Plaintiff's] rights as secured by the Americans with Disabilities Act 42 U.S.C. §§ 12101, et seq." ECF No. 14 at 31. Here, Plaintiff has not sufficiently stated a plausible claim for declaratory relief. In the exercise of the Court's discretion, "[d]eclaratory relief is reserved for forward looking actions and is appropriate if the relief sought will serve a useful purpose in clarifying and settling the legal relations in issue, and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Horvath v. Bank of N.Y., N.A., No. 1:09-CV-1129, 2010 U.S. Dist. LEXIS 19965, at *1 (E.D. Va. Jan. 29, 2010) (internal citations omitted); see Trull v. Smolka, 3:08-CV-460, 2008 U.S. Dist. LEXIS 70233, at *24 (E.D. Va. Sept. 18, 2008) (explaining that declaratory relief "is designed to apply prospectively to prevent or mandate reasonably certain, future conduct"). Since Plaintiff requests declaratory relief for Defendant's past conduct, it is untimely. Accordingly, Defendant's Motion to Dismiss Plaintiff's claims for declaratory relief is **GRANTED**.

#### 2. Punitive Damages

In her Amended Complaint, Plaintiff seeks to obtain punitive damages for Defendant's alleged violations of the ADA contained in Counts I, II, and III. ECF No. 14 at 32. This Court must dismiss Plaintiff's request for punitive damages against Defendant because "[i]t is well-

established that school boards and other municipal entities are 'exempt from punitive damages.'" Liggins v. Clarke Cnty. Sch. Bd., 2010 WL 364366, at *4 (W.D. Va. Jan. 29, 2010) (quoting Myers v. Loudoun Cnty. Sch. Bd., 500 F. Supp. 2d 539, 547 n.13 (E.D. Va. 2007). Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for punitive damages is **GRANTED**.

## V. CONCLUSION

Because Plaintiff's Complaint does not state a claim upon which relief can be granted regarding Count I, Defendant's Motion to Dismiss is **GRANTED** as to Count I. ECF No. 15. Defendant's Motion to Dismiss, as it pertains to Count II and Count III is hereby **CONVERTED** to a motion for summary judgment. This Court **WITHHOLDS** judgment on Counts II and III, as the parties may file additional briefs based on the information obtained during discovery.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

_____
Robert G. Doumar
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
February 7, 2022